## Office of the Attorney General
### State of Texas


**DAN MORALES**
ATTORNEY GENERAL

January 13, 1995

Honorable Garry Mauro
Commissioner
General Land Office
1700 North Congress Avenue
Austin, Texas 78701-1495

Opinion No. DM-316

Re: Whether the state may enter into contracts to pay consideration for information about property recoverable by the permanent school fund under section 403.0195 of the Government Code    (RQ-714)

Dear Commissioner Mauro:

You ask whether the comptroller may enter into contracts to pay consideration for information about property recoverable by the "public free school fund" under section 403.0195 of the Government Code. Section 403.0195 authorizes the comptroller to contract with a person for the receipt of information about a possible claim that the state may be entitled to pursue for the recovery of revenue or other property. The consideration to be paid by the state must be contingent on recovery by the state and may not exceed five percent of the amount of revenue or the value of other property the state recovers as a result of pursuit of the claim. Subsection (e) provides that

> [i]f the state recovers property in connection with a contract executed under this section . . . , an amount not to exceed five percent of the amount of revenue or proceeds from the sale of property recovered shall be deposited to the credit of the comptroller's operating fund for payment of the consideration. The balance of the revenue or proceeds from the sale of property recovered shall be deposited to the credit of the general revenue fund or to any special fund as required by law.

Section 2 of article VII of the Texas Constitution creates the "perpetual school fund" consisting of "[a]ll funds, lands and other property heretofore set apart and appropriated for the support of public schools . . . and all sums of money that may come to the State from the sale of any portion of the same." Section 5 of article VII describes and governs the "permanent school fund" and the "available school fund." Section 5 provides in pertinent part as follows:

> (a) The principal of all bonds and other funds, and the principal arising from the sale of the lands hereinbefore set apart to said school fund, shall be the permanent school fund, and all the interest derivable therefrom and the taxes herein authorized and levied shall

be the available school fund. The available school fund shall be applied annually to the support of the public free schools. Except as provided by this section, no law shall ever be enacted appropriating any part of the permanent or available school fund to any other purpose whatever; . . . and the available school fund herein provided shall be distributed to the several counties according to their scholastic population and applied in such manner as may be provided by law.

(b) The legislature by law may provide for using the permanent school fund and the income from the permanent school fund to guarantee bonds issued by school districts or by the state for the purpose of making loans to or purchasing the bonds of school districts for the purpose of acquisition, construction, or improvement of instructional facilities . . . .

(c) The legislature may appropriate part of the available school fund for administration of the permanent school fund or of a bond guarantee program established under this section.

We refer to both the "perpetual school fund" referred to in section 2 and the "permanent school fund" referred to in section 5 as the "permanent school fund." *See* Educ. Code, § 15.01(a) ("The permanent school fund, which shall constitute a perpetual endowment for the public free schools of this state, shall consist of . . ."); 2 GEORGE D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 510 (1977) (suggesting that the "perpetual school fund" and the "permanent school fund" are one and the same).

Over the years, the legislature has enlarged the permanent school fund endowment in section 15.01 of the Education Code. Pursuant to this provision, the permanent school fund consists not only of all land appropriated for public schools by the constitution, but also all the unappropriated public domain remaining in Texas, including all land recovered by the state by suit, all proceeds from the authorized sale of permanent school fund land and other property, all investments of properties belonging to the permanent school fund, and all income from the mineral development of the permanent school fund, including income from mineral development of river beds and other submerged land. Educ. Code § 15.01(a). The available school fund has also been expanded by section 15.01 to consist of:

(1) the interest and dividends arising from any securities or funds belonging to the permanent school fund;

(2) all interest derivable from the proceeds of the sale of land set apart for the permanent school fund;

(3) all money derived from the lease of land belonging to the permanent school fund;

(4) all revenue collected by the state from an annual state ad valorem tax of an amount not to exceed 35 cents on the $100 valuation, exclusive of delinquencies and cost of collection;

(5) one-fourth of all revenue derived from all state occupation taxes, exclusive of delinquencies and cost of collection;

(6) one-fourth of revenue derived from state gasoline and special fuels excise taxes as provided by law; and

(7) all other appropriations to the available school fund as made or may be made by the legislature for public free school purposes.

*Id.* § 15.01(b).

You ask whether consideration otherwise payable pursuant to a contract under section 403.0195 of the Government Code may be paid from revenue or sale proceeds resulting from the recovery of permanent school fund property. You suggest that such monies do not become part of the permanent school fund until after the property has been recovered. We disagree. It is clear from section 2 and section 5 of article VII of the Texas Constitution and section 15.01(a) of the Education Code that the permanent school fund is a permanent endowment and that recoverable permanent school fund lands and other property are part of the corpus of that endowment, and must be treated as such, even before they are actually recovered. Therefore, in the event that the state recovers permanent school fund property, the revenues or proceeds from the sale of such property must be deposited in the fund. The constitutional provisions establishing the permanent school fund and limiting its use do not permit a percentage of the amount of the revenue or proceeds from the sale of property recovered to be deposited to the credit of the comptroller's operating fund for payment of the consideration as provided in section 403.0195 of the Government Code. Section 5(a) of article VII provides that "no law shall ever be enacted appropriating any part of the permanent school fund . . . to any other purpose whatever," with certain limited exceptions set forth elsewhere in the section. The purpose embodied in section 403.0195 of the Government Code, *i.e.*, payment of consideration for information leading to the recovery of permanent school fund property, is not permitted by any of the exceptions in section 5 or by any other constitutional provision.

You suggest that the constitutional provisions may permit the use of the available school fund to pay the consideration owed under a section 403.0195 contract. Section 5(c) of article VII provides that the legislature may appropriate part of the available school fund "for administration of the permanent school fund." We believe that this provision permits the legislature to appropriate available school fund monies to pay consideration

for information leading to the recovery of permanent school fund property. But section 403.0195 of the Government Code, which contemplates that the consideration will be paid from revenue or the proceeds from the sale of recovered property, does not authorize the consideration to be paid from other sources, such as the available school fund, nor does any other statute of which we are aware.

You specifically suggest that in cases where the recovery of property includes accrued interest that would be allocated to the available school fund, the accrued interest could be used to pay the consideration. We believe that the language in section 5(c) of article VII providing that the legislature may appropriate part of the available school fund for administration of the permanent school fund requires an express legislative appropriation. Section 403.0195 of the Government Code is not sufficient to authorize recovered available school funds to be used for this purpose.

## S U M M A R Y

The state may not enter into contracts under section 403.0195 of the Government Code to pay consideration for information about property recoverable by the permanent school fund.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General